UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CARINA LAMOTHE                                    CIVIL ACTION

VERSUS                                            NO. 10-137

WAL-MART SUPER STORE, INC.                        SECTION: "C" (3)

ORDER AND REASONS

Before this Court is Defendant's Motion for Summary Judgment. (Rec. Doc. 12). Plaintiff opposes the Motion. (Rec. Doc. 14). The Motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record, and the applicable law, the Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART for the following reasons.

I. BACKGROUND

While shopping at a Wal-Mart store in Kenner, Louisiana, Plaintiff was informed by a uniformed police officer that she fit the description of a suspected shoplifter and was requested to enter Defendant's loss prevention room for questioning. (Rec. Doc. 12-2 at 1). Plaintiff followed the instructions of the officer and was kept in Defendant's loss prevention room for twenty minutes before she was informed that she could leave. *Id.* at 2. At all times that Plaintiff was interacting with the police officer, two other plain-clothes individuals were present. *Id.*

As a result of this confrontation and detention, Plaintiff filed suit against Defendant alleging false imprisonment and violation of her civil rights. (Rec. Doc. 3). In response, Defendant filed a Motion for Summary Judgment arguing that the police officer in question was not an employee of

1

Wal-Mart and that there was no coordination between the police officer and Wal-Mart employees, which bars Plaintiff's § 1983 civil rights claim. (Rec. Doc. 12-2 at 1). In the alternative, Defendant argues that Plaintiff cannot establish liability under § 1983 or state law. *Id.*

Plaintiff responds by pointing out that while she was confronted and interviewed by the police officer, two plain-clothes individuals were present and in radio communication with additional unknown individuals. (Rec. Doc. 14 at 3-4). Since Defendant's contract with the Kenner Police Department requires all police officers working at the Kenner Wal-Mart to wear police uniforms, Plaintiff submits that the plain-clothes individuals were probably Wal-Mart employees. *Id.* As a result, Plaintiff argues that there is a genuine issue of material fact regarding the degree of control Defendant's employees exerted over the police officer in this case. *Id.* Furthermore, Plaintiff argues that there was no supporting evidence to justify her police interview other than a statement that she "fit the description" of a shoplifter. *Id.* at 4-5. Plaintiff asserts that this absence of justification for her detention creates a genuine issue of material fact sufficient to defeat summary judgment on her state law false imprisonment claims. *Id.*

## II. STANDARD OF REVIEW

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.,*

784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992).

### III. <u>LAW AND ANALYSIS</u>

To recover under § 1983, a plaintiff is required to show that "the conduct complained of was committed by a person acting under color of state law and . . . [that] this conduct deprived a person of rights, privileges or immunities secured by the constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Specifically, § 1983 states that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. In order for a private defendant to be liable for civil rights violations under § 1983, the plaintiff must show that the private party was acting in concert with a state actor, and in

the specific context of a detention for suspected shoplifting, that the state actor failed to conduct an independent investigation. *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 749-50 (5th Cir. 2001).

Since Plaintiff has pointed out that the police officer who questioned and detained her was accompanied by two unknown individuals, there is a genuine issue of material fact regarding whether Wal-Mart and the police officer were acting in concert. In addition, Defendant has provided no evidence that the police officer in this case conducted any independent investigation of the Plaintiff prior to her detention. Plaintiff has argued that the officer's statement that she fit the description of a suspected shop-lifter suggests that the officer received that description from someone else - possibly from a Wal-Mart employee - rather than conducting an independent investigation. (Rec. Doc. 14 at 5). As a result, Plaintiff has shown that there are genuine issues of material fact regarding her § 1983 claims against Defendant.

However, Plaintiff's argument that Wal-mart is vicariously liable under § 1983 for the police officer's actions must be dismissed because "Section 1983 will not support a claim based on a *respondeat superior* theory of liability." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) *citing Monell v. New York City Dept. Of Social Services*, 436 U.S. 658, 694 (1978).

Finally, under Plaintiff's state law false imprisonment claims there is a genuine issue of material fact regarding whether the police officer and Wal-Mart employees had reasonable cause to believe that Plaintiff had committed a theft of goods. La. C. Cr. Pro. art. 215. Plaintiff was merely told that she fit the description of a suspected shoplifter but was never provided a copy of that description, nor has the Defendant provided any further articulable basis for Plaintiff's detention.

**IV. <u>CONCLUSION</u>**

Accordingly,

IT IS ORDERED that Defendant's Motion for Summary Judgement is GRANTED in regard to Plaintiff's *respondeat superior* theory of liability under Section 1983 and DENIED in regard to Plaintiff's other theories of liability.

New Orleans, Louisiana, this 14th day of October, 2010.

                                                                                   _____
                                                                                   HELEN G. BERRIGAN
                                                                                   UNITED STATED DISTRICT JUDGE